■ L. WILLIAM SHEPARD et al., Appellants, v CHRISTOPHER COLELLA et al., Respondents. THOMAS H. NEWCOMB et al., Intervenors-Respondents. (Appeal No. 1.) [616 NYS2d 120] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly determined that it was the intent of the original grantor that "the rights of way located on the 'Koenig's Point Subdivision' were subject to reasonable use by non-riparian owners, to include swimming, sunbathing, a single dock and a limited number of boat hoists or moorings which would not interfere with the rights of the riparian and non-riparian owners". The court erred, however, in directing the non-riparian owners to develop and submit to the court "an agreed upon plan * * * for the reasonable use of the rights of way". The court further erred in adopting a plan submitted by those owners. Instead, the court should have decided the issues raised based on the evidence adduced at trial. Therefore, we modify the order entered July 12, 1993 (appeal No. 2), by vacating the first three ordering paragraphs. We modify the order entered January 12, 1994 (appeal No. 1), by deleting the language that adopted "the procedure for use of the rights of way" and by granting plaintiffs injunctive relief enjoining defendants from using the rights-of-way except for ingress to and egress from the lake, swimming, sunbathing, and the use of a single dock from each right-of-way and a limited number of boat hoists or moorings so long as they do not interfere with plaintiffs' rights in said rights-of-way.

The court further erred in concluding that the porch and a corner of the house of Angelo M. Caci are illegal encroachments and must be removed. The record establishes that those encroachments existed in 1976 and 1980, respectively, and this action was not commenced until 1991. The requirements for adverse possession with respect to those encroachments were met *(see, Belotti v Bickhardt,* 228 NY 296, 302). The court *properly directed the removal of the fence located on Caci's property that encroaches upon the northern right-of-way because Caci acknowledged that he erected it in 1985, within 10 years of the commencement of this action.

In all other respects, we affirm the orders of the court. (Appeal from Order of Supreme Court, Cayuga County, Corning, J.—Vacate Injunction.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.